1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL HOLMBERG,

                    Plaintiff,

        v.

RONALD VAN BOENING, DANIEL
FITZPATRICK and PAUL DRAGO,

                    Defendants.

NO. C10-5367 BHS/KLS

ORDER GRANTING PLAINTIFF'S
MOTION TO AMEND COMPLAINT

Before the court is Plaintiff Michael Holmberg's motion to amend his complaint to add two defendants.  ECF No. 13.  Defendants oppose the amendment.  ECF No. 14.  Plaintiff has filed a reply.  ECF NO. 15.  Having carefully reviewed the motion, opposition, and balance of the record, the court finds that the motion should be granted.

**BACKGROUND**

Plaintiff was granted leave to proceed *in forma pauperis* and the court directed the filing and service of his complaint on June 10, 2010.  ECF Nos. 4, 5, and 6.   In his complaint, Mr. Holmberg named McNeil Island Corrections Center (MICC) employees Van Boening, Fitzpatrick, and Drago.  Plaintiff alleges that Defendants Van Boening and Fitzpatrick wrongfully withheld his money transfer request to pay his child support based on a false allegation of drug activity.  ECF No. 5-3, p. 3.  He alleges that Defendant Drago issued a false infraction against him.  *Id.*, p. 6.  He alleges that all of these actions were retaliatory because of his known litigation activities.

 Defendants filed their answer to the complaint on August 6, 2010.  ECF No. 11.  In its Pretrial Scheduling Order dated August 9, 2010, the court set the discovery deadline for January

28, 2011, the dispositive motions deadline for March 25, 2011, and the joint status report deadline for June 24, 2011.  ECF No. 12.  No dispositive motion has been filed.

Shortly before expiration of the discovery deadline, Plaintiff filed his motion to amend on January 20, 2011.  ECF No. 13.  He seeks to include as Defendants, Lt. Mark Keller and MICC instructor Debra Lavagnino, who were involved in the infraction report issued by Defendant Drago.  Plaintiff alleges that Lt. Keller falsified the infraction review checklist and that Ms. Lavagnino filed a false incident report.  ECF No. 13-1, ¶¶ 38 and 39.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires."  Leave to amend lies within the sound discretion of the trial court, which discretion "must be guided by the underlying purpose of Rule 15-to facilitate decisions on the merits rather than on the pleadings or technicalities."  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981).  Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality."  *Id*.; see also *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987).

Four factors are relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party.  See *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).  However, these factors are not of equal weight; specifically, delay alone is insufficient ground for denying leave to amend.  See *Webb,* 655 F.2d at 980. Futility of amendment, by contrast, can alone justify the denial of a motion for leave to amend.  See *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995).  A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir.1988).

Defendants argue that the proposed amendment is untimely because Plaintiff possessed Ms. Lavagnino's incident report in May of 2009 and the infraction report that was signed and reviewed by Lt. Keller since April 22, 2009, and that Plaintiff has shown no good cause for

waiting this long to add these individuals as defendants.  ECF No. 14, p. 3.  Defendants also argue that the amendment is futile because Ms. Lavagnino and Lt. Keller did not issue the infraction and Plaintiff has not alleged facts demonstrating that their involvement was fueled by retaliatory motives.  *Id.*, pp. 3-4.

Plaintiff does not dispute that he possessed the incident report and the infraction report at the time he filed his original complaint.  He explains, however, that his proposed amendment is based on information obtained in discovery.  Plaintiff states that at the time he filed his original complaint, he did not possess the "Infraction Review Checklist" completed by Lt. Keller, which Plaintiff claims falsely states that Defendant Drago's infraction was supported by facts.  ECF No. 15, p. 3.  At the time he filed his original complaint, Plaintiff also did not possess the email from Ms. Lavagnino, which Plaintiff views as strong circumstantial evidence that there was a meeting of the minds between Ms. Lavagnino, Lt. Keller and Defendant Drago to punish him for his speech and legal activities (ECF No. 13, ¶ 25, Exh. 7).  *Id.*

Based on the foregoing, the undersigned finds that Plaintiff has not brought his motion to amend in bad faith, in an untimely manner, or that the amendment will be futile.  There is also no evidence that Defendants will be prejudiced by the amendment.

Accordingly, it is **ORDERED:**

(1)     Plaintiff's motion to amend (ECF No. 13) is **GRANTED**.

(2)     The Clerk is directed to docket the proposed Amended Complaint found at ECF 13-1 as Plaintiff's Amended Complaint.

(2)     Plaintiff shall provide the court with service addresses for the new defendants and service copies of his amended complaint to the Court Clerk **on or before March 11, 2011.**

**DATED** this 14th day of February, 2011.

Karen L. Strombom
United States Magistrate Judge