# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| MICHAEL HOLMBERG, | |
| Plaintiff, | No. C10-5367 BHS/KLS |
| v. | ORDER DENYING MOTION TO CONSOLIDATE |
| RONALD VAN BOENING, DANIEL FITZPATRICK, PAUL DRAGO, LT. MARK KELLER, and DEBRA LAVAGNINO, | |
| Defendants. | |

Before the Court is Plaintiff's motion to consolidate this matter with *Holmberg v. Vail, et al.,* Case No. C11-5449 BHS/KLS. ECF No. 30. Having reviewed the motion, Defendants' opposition (ECF No. 31), and balance of the record, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiff Michael Holmberg is a Washington State inmate who has filed a 42 U.S.C. § 1983 civil rights action against various employees of the McNeil Island Corrections Center (MICC), alleging deprivations of his constitutional rights. Plaintiff's primary claim in this case is that the Defendants retaliated against him for filing grievances and/or lawsuits. In *Holmberg v. Vail, et al.*, C11-5449 BHS-KLS, Plaintiff alleges constitutional violations stemming from incidents occurring at the Stafford Creek Corrections Center (SCCC). That case primarily concerns SCCC's handling of Plaintiff's mail.

ORDER - 1

Plaintiff moves to consolidate these cases based on his assertion that both cases involve "arbitrary and illegal institutional policy and practice", "arbitrary and illegal restriction of outgoing mail", "retaliation", and similar requests for relief.  ECF No. 30.

## DISCUSSION

Trial courts may consolidate separate civil actions if the actions involve "a common question of law or fact".  Civil Rule 42(a).  The trial court's decision on a motion to consolidate lies within the broad discretion of the court. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).

The two cases Plaintiff seeks to consolidate have few, if any, common questions of law or fact.   In this case, Plaintiff claims that several MICC employees retaliated against him for exercising his constitutional rights.  He does not challenge any DOC policy or practice.  None of the Defendants in this case are defendants in Case No. C11-5449.  Plaintiff's claims in Case No. C11-5449 are against employees of the SCCC, an entirely different DOC facility.  This case was filed over a year before Case No. C11-5449 and Defendants have filed a motion for summary judgment, which is pending.  No. 32.   There are also few or no common issues of law.  Although both cases involve claims of retaliation and mishandling of mail, the law underlying these claims is well established and not at issue.

Accordingly, it is **ORDERED:**

(1)   Plaintiff's motion to consolidate (ECF No. 30) is **DENIED.**

(2)   The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

DATED this   2nd   day of September, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2